**THOMAS PAPER STOCK COMPANY,**
Petitioner,

v.

**DISTRICT OF COLUMBIA, Respondent.**
No. 14078.

United States Court of Appeals
District of Columbia Circuit.

Argued March 6, 1958.

Decided April 10, 1958.

Mr. Joseph A. Rafferty, Washington, D. C., with whom Mr. Clarence G. Pechacek, Washington, D. C., was on the brief, for petitioner.

Mr. Leo J. Ehrig, Jr., Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for respondent.

Before REED, Associate Justice of the Supreme Court, retired,* and FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Petitioner, engaged in the business of buying and selling wastepaper in the District of Columbia and in Chicago, brings to us for review a decision of the District of Columbia Tax Court affirming an assessment against petitioner of District franchise taxes for the calendar years 1953 and 1954.[1] Franchise taxes are imposed by section 47–1571a, D.C.Code (1951) "at the rate of 5 per centum upon the taxable income" of a corporation, measured under the provisions of section 47–1580 by the "portion of the net income" which is "fairly attributable to any trade or business carried on or engaged in within the District and such other net income as is derived from sources within the District  *  *  * ."

Section 47–1580a provides that, where the net income is derived from sources both within and without the District, the portion thereof subject to tax shall be determined under regulations prescribed by the Commissioners. The Assessor is authorized to employ any formula or formulae specified in any such regulations which in his opinion should be ap-

---

* Sitting by designation pursuant to the provisions of Sec. 294(a), Title 28 U.S. Code.

1. The tax assessed for 1953 was $306.73 plus interest of $47.97. and for 1954 it was $1,140.68, plus interest of $109.78.

plied in order properly to determine the taxable income.

The formula used in this case was one which the regulations had prescribed as applicable to the sale of tangible personal property and reads in pertinent part,

> "the portion thereof [that is, of income] to be apportioned to the District shall be such percentage of the total of such income as the District sales made during such taxable year bear to the total sales made everywhere during such taxable year."

D.C. Income and Franchise Tax Regulations, § 10–2(d) (1)a (1950).

Petitioner claimed it had no net income from its District business. It acknowledged, however, a substantial net income from its Chicago business. The Assessor and Tax Court found that the business in the two localities was unitary and applied the above formula. See Butler Bros. v. McColgan, 315 U.S. 501, 507–508, 62 S.Ct. 701, 86 L.Ed. 991. Petitioner contends this was incorrect and that it was entitled to the benefit of section 10–2(d) (4) of the regulations, which reads:

> "Where the Assessor shall determine that the formulae herein prescribed are inapplicable or inequitable to the taxpayer and the District in any case, and that the net income of such taxpayer from within the District may be more accurately determined by the use of separate accounting, such taxpayer shall report its net income from within the District on the basis of separate accounting and the tax shall be assessed on such basis."

We think it unnecessary to decide whether, as the Tax Court indicated might be the case, a separate accounting may never be used unless the Assessor makes the determinations specified in this regulation. For here petitioner, as the Tax Court pointed out, did not prepare its return on the basis of a separate accounting. Moreover, the conclusion of the Tax Court with respect to the uni-

tary character of the business was based on findings as to the overall manner of its operations which support the conclusion, and which in turn were supported by evidence in the record.

It follows that the return which purported to show no net income from the District business cannot be said actually to reflect the absence of net income fairly attributable to that business. As the Tax Court said, "there is no way for the Court to determine * * * the amount of business done or the income actually earned in the District of Columbia," though the relevant information was available to petitioner.

In the above circumstances the computation of the tax was not required to be made on the basis of a separate accounting. It could be made, as it was, under section 47–1580a and the regulations, that is, by apportioning to the District that portion of income which the percentage of District sales bore to the total sales. Butler Bros. v. McColgan, supra.

Affirmed.